UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN ALLEN SWITEK, <br> Plaintiff, <br> v. <br><br> MIDLAND COUNTY , <br> Defendant. <br> _____/ | Case No.: 21-12711 <br><br> Matthew F. Leitman <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 30, 34) and DENYING DEFENDANT'S MOTION (ECF No. 37)**

Earlier in this case, Plaintiff moved for default judgment against Defendant who had not yet appeared. (ECF No. 25). The Court denied that motion and explained that, "[u]nder 42 U.S.C. § 1997e(g)(1), relief cannot be granted to a prisoner civil rights plaintiff unless the defendant has filed a response to the complaint. Defendant has not responded to the complaint." (ECF No. 26, PageID.120). Plaintiff has since moved for an order granting him the relief sought in the complaint because of Defendant's purported failure to timely answer the complaint (ECF No. 30) and for default judgment against Defendant (ECF No. 34).

There is no basis to issue default judgment against it. Defendant has answered the complaint. Prior to its answer, the Court could not grant default judgment against it. Further, the Court cannot award default judgment unless there

is an entry of default by the Clerk's Office, which there is not here. The motions that seek default judgment are **DENIED**.

Because Plaintiff effectively moved for default judgment at least twice since being informed that default judgment could not be awarded, Defendant moved for an order prohibiting Plaintiff from moving for default judgment. (ECF No. 37). Plaintiff did not respond to the motion. The motion is **DENIED**. There are bases on which Plaintiff would be permitted to move for default judgment under the proper circumstances, such as for discovery abuses under Fed. R. Civ. P. 37(c). The Court will not foreclose these avenues of relief. That said, should Plaintiff again move for default judgment for the timing of Defendant's answer, that motion will be summarily denied and **sanctions will be considered**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich.

Local Rule 72.2.

Date: February 8, 2023         s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 8, 2023.

                                s/Kristen MacKay
                                Case Manager
                                (810) 341-7850