UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ALLEN SWITEK,         Case No. 21-12711
     Plaintiff,
     v.        Matthew F. Leitman
       United States District Judge
MIDLAND COUNTY,
     Defendant.        Curtis Ivy, Jr.
_____/        United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 51)**

I.     **BACKGROUND**

Plaintiff Benjamin Switek filed this civil rights case without the assistance of counsel on October 28, 2021. (ECF No. 1). After a period of discovery, remaining Defendant Midland County moved for summary judgment on the remaining Eighth Amendment deliberate indifference claim. (ECF No. 51). The motion is fully briefed. (ECF Nos. 53, 54). This case was referred to the undersigned for all pretrial proceedings. (ECF No. 12).

Defendant argues that summary judgment should be granted in its favor because (1) Plaintiff failed to exhaust administrative remedies on his claim, (2) there is no evidence establishing a policy or practice that violates the Eighth Amendment, and (3) the County Sheriff is the proper defendant, not the County,

because Midland County does not set policy for the conditions of confinement at the Midland County Jail and does not employ jail healthcare staff. In his response, Plaintiff argues that his efforts to complete the grievance process served to exhaust administrative remedies. He did not address Defendant's other arguments.

For the reasons discussed below, the undersigned recommends that Defendant's motion for summary judgment be **GRANTED** and that the case be dismissed.

## II.   FACTS

The only remaining claim is Plaintiff's Eighth Amendment medical deliberate indifference claim. In his verified complaint, he alleges that he has post-traumatic stress disorder, adult anti-social disorder, severe anxiety, severe depression, pigmentary glaucoma, spinal stenosis, scoliosis, kyphosis, and degenerative discs. (ECF No. 1, PageID.7). He states that jail staff gave him Zoloft but would not give him all the medication he required to "function normally." (*Id.*). For instance, he says he needs three drops a day for his eyes but was only given one drop per day. He alleges he was not given enough pain medication and medical staff were not doing enough to treat his spine conditions. (*Id.*).

In his response brief, Plaintiff provided jail medical documents explaining that he was treated after being repeatedly punched by another inmate, but issues

related to that incident and associated medical care were not alleged in his complaint.

### III. ANALYSIS AND RECOMMENDATIONS

    A.    <u>Governing Standards</u>

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*, *N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d

4

1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

    B.    <u>Discussion</u>

Midland County is the only remaining defendant, so Plaintiff's claim that he was given inadequate medical care is against the municipality, not an individual. *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 390-91 (6th Cir. 2018) ("[B]ecause North has not demonstrated that any individual jail employee violated his Eighth Amendment right to adequate medical care by acting with deliberate indifference, he must show that the municipality itself, through its acts, policies, or customs, violated his Eighth Amendment rights by manifesting deliberate indifference to his serious medical needs."). "[L]iability attaches only under a narrow set of circumstances" when pursuing such a claim against a municipality. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) ("A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, *solely*

5

because it employs a tortfeasor."). Plaintiff must first show that the "municipality had a 'policy or custom' that caused the violation of their rights." *Id.* at 828 (citations omitted). There are four methods of doing so: "plaintiff may prove (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citations omitted). Plaintiff must then show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* "Moreover, just like a deliberate indifference claim against an individual defendant, the standard for *Monell* liability is comprised of both an objective and subjective component." *Britt v. Hamilton Cnty.*, 531 F. Supp. 3d 1309, 1337 (S.D. Ohio 2021), *aff'd*, 2022 WL 405847 (6th Cir. Feb. 10, 2022) (citing *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 737 (6th Cir. 2015)). The objective component requires showing a sufficiently serious medical need, while the subjective component requires that the defendant possessed a culpable state of mind. *Id.*

Plaintiff's claim fails against Midland County because, as Defendant noted, nothing ties the alleged constitutional violation to the County—there is no evidence (or even an allegation) of an illegal policy or legislative enactment, or that an official with final decision-making authority ratified illegal actions, or the

6

existence of a policy of inadequate training or supervision, or the existence of a policy or custom of tolerance or acquiescence of federal rights violations.[1]

To the extent that Plaintiff wants to hold Midland County liable for the actions of jail medical staff, this is impermissible. As mentioned above, a plaintiff may not sue a municipality for injuries inflicted solely by its employees or agents under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As the Sixth Circuit explained, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)).

Since there is no evidence establishing municipal liability, the undersigned suggests that Defendant's motion be **GRANTED** and that the case be dismissed.

The undersigned declines to address in full Defendant's other arguments. Briefly, as to the argument that Plaintiff failed to exhaust administrative remedies before filing suit, Plaintiff argues that jail staff prevented him from completing the grievance process, so he could not have exhausted administrative remedies. (ECF

---

[1] In his response, Plaintiff asserts that he tried to obtain documents from the Midland County Jail, but his requests are denied. This may be a reference to the Court's Order denying his motion to compel during December 2022. The Court denied his motion because he sought to obtain documents from the Jail by submitting requests to the Court, rather than directly to Defendant. The Court explained that discovery must be directed to the Defendant. The motion was also denied because it was premature as the discovery period had not yet commenced. Plaintiff did not move to compel discovery again.

No. 53, PageID.573, 589-93). Any person confined in a jail or prison, like Plaintiff, must exhaust administrative remedies as outlined in the jail's grievance policy. 42 U.S.C. § 1997e(a). Detainees need only exhaust administrative remedies that are available. *Booth v. Churner*, 532 U.S. 731, 734 (2001). Though Plaintiff states jail staff prevented him completing the grievance process, the precise issue he mentions is unclear. In his unsworn affidavit, Plaintiff states that jail officials would not let him move his grievances beyond the first step because they would not give his grievances to Captain Derocher. (ECF No. 53, PageID.573). An assertion in an unsworn response brief is not admissible evidence that can be considered at this stage. Then, he mentions in his sworn response, (*see* ECF No. 53, PageID.595), that when jail officials fail to respond to a grievance, the process is deemed complete. This arguably raises a question about whether Plaintiff was thwarted from completing the grievance process. The jail's grievance policy states that a jail official will respond to a grievance within 72 hours and the detainee can appeal that response within five days. (ECF No. 51-4, PageID.458). There is no mention of what a detainee must do if the jail official does not respond within 72 hours. Suffice it say, there may be issues of material fact here, but since the undersigned recommends granting the motion on a separate basis, the undersigned will not give a recommendation as to whether Plaintiff exhausted administrative remedies.

8

Finally, Defendant's argument that the Midland County Sheriff is the proper defendant for Plaintiff's claim does not alter the analysis above and so need not be decided. A suit against the county sheriff in his or her official capacity operates as a suit against the municipality, and the *Monell* analysis would not be changed. *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (a suit brought against a sheriff in his official capacity is functionally "a suit against a governmental entity," and therefore a *Monell* claim may be brought against a sheriff in his official capacity). Plaintiff did not allege any actions against the sheriff in their individual capacity, so such a claim simply does not exist. In other words, whether Plaintiff sued Midland County or the Sheriff, the recommendation is the same: Plaintiff's deliberate indifference claim fails for lack of evidence establishing municipal liability.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment (ECF No. 51) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 4, 2023.             s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 4, 2023.

s/Sara Krause<br>
Case Manager<br>
(810) 341-7850